UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| DAVID KESTENMAN, | ) | |
|    *Plaintiff*, | ) | |
| | ) | |
|   *vs*. | ) | 1:08-cv-01355-SEB-JMS |
| | ) | |
| NEW YORK LIFE INSURANCE, CO., | ) | |
|    *Defendant*. | ) | |
| | ) | |

**ORDER**

Presently before the Court is Plaintiff's Motion for Leave to File Amended Answer to Counterclaim (the "Motion to Amend"). [Dkt. 70.][1]

In November 2009, Plaintiff answered Defendant's Counterclaim. [Dkt. 47.][2] In April 2010—a few days before the close of discovery, [*see* dkt. 62]—Plaintiff filed the Motion to Amend to obtain permission to assert a new affirmative defense: waiver.

Because the time for amending as of right has expired and because Defendant objects to the amendment, Plaintiff must obtain leave to amend his answer, leave that the Court "should freely give when justice so requires," Fed. R. Civ. Pro. 15(a)(2). Justice precludes amendment when "the moving party has unduly delayed in filing the motion, if the opposing party would suffer undue prejudice, or if the pleading is futile." *Campania Mgmt. Co. v. Rooks, Pitts & Poust*, 290 F.3d 843, 848-49 (7th Cir. 2002) (citations omitted).

---

[1] The Court notes that Plaintiff filed a reply on May 10, 2010. [Dkt. 77.] Local Rule 7.1, however, required any reply to be filed no later May 6 (seven days after the response brief plus the extra three days permitted under Federal Rule of Civil Procedure 6(d)). Because Plaintiff neither sought nor received leave file a belated reply, the Court has not considered it.

[2] Defendant was granted leave to assert its Counterclaim even though the pleadings had closed under the case management plan, without objection from Plaintiff. [Dkt. 44.]

- 1 -

Here, the Court finds that Plaintiff has not demonstrated diligence in seeking leave to amend.  The only explanation that Plaintiff gives for his five-month failure to assert waiver is that "recent depositions" have implicated the defense.  [Dkt. 70 ¶6.]  But Plaintiff's vague explanation entirely omits any discussion of exactly what testimony suggested the applicability of waiver—and why, with reasonable diligence (including a review of documents produced in this matter), Plaintiff couldn't have known about the defense when he prepared his answer.  Also missing is an explanation about why it took Plaintiff almost a month after the deposition to file the Motion to Amend.

More important than Plaintiff's lack of diligence, adding a new affirmative defense now would prejudice both Defendant and the Court.  Defendant was entitled to rely upon Plaintiff's answer to the Counterclaim when formulating discovery strategy and may not now have the discovery necessary to fully and fairly litigate the issue of waiver, an issue upon which Plaintiff has moved for summary judgment, [dkt. 68 at 4].  Although reopening discovery might cure that resulting prejudice to Defendant, the Court likely couldn't do so (assuming summary judgment is not appropriate) without prejudicing the Court's ability to resolve this matter within the time limits contemplated under the Civil Justice Reform Act of 1990, 28 U.S.C. §§ 471-82, given the high caseload assigned to the judges in this District.[3]

Accordingly, even assuming that Plaintiff's waiver defense had merit, considerations of undue delay and prejudice preclude Plaintiff from belatedly asserting it.  The Motion to Amend is **DENIED**.

---

[3] For the twelve-month period ending September 30, 2009, this District had the sixth-highest amount of civil filings per judge.  *See* http://www.uscourts.gov/cgi-bin/cmsd2009.pl

- 3 -

05/11/2010

                                                                   Jane Magnus-Stinson
                                                                   United States Magistrate Judge
                                                                   Southern District of Indiana

**Distribution via ECF only:**

Melissa A. Davidson
CHARLES D. HANKEY LAW OFFICE
mdavidson@hankeylawoffice.com

Eric P. Mathisen
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
eric.mathisen@ogletreedeakins.com

Mark E. Schmidtke
OGELTREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
mark.schmidtke@ogletreedeakins.com